IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MILTON WILLIAMS,
    Plaintiff,

v.                                                        Civil No. 3:21cv260 (DJN)

TMS INTERNATIONAL, LLC, *et al.*,
    Defendants.

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court on the parties' Joint Motion for Protective Order (ECF No. 31). In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and upon the consent of the parties, the Court hereby GRANTS the Joint Motion (ECF No. 31) and hereby ORDERS as follows:

    1.    Because the Parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, Federal Rule of Evidence 502 shall apply to this Order.

        a.    The Parties hereby stipulate, and the Court orders, that such steps as the holder of the privilege or protection has taken or hereafter takes to prevent disclosure, consistent with such parties' duties to cooperate in discovery in connection with the above-captioned case, *Milton Williams v. TMS International, LLC et al.*, No. 3:21-cv-260-DJN, are reasonable under the circumstances without further review, and accordingly any such disclosure is inadvertent. If

a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

      b.     A Disclosing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The party receiving the disclosed information ("Receiving Party") shall, within five business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and any notes made therefrom and provide a certification that all such Disclosed Protected Information and any notes made therefrom has been returned or destroyed.

      c.     Within five business days of the notification that Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

      d.     The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information.

      e.     The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.

      f.     If, at trial, at a hearing, at a deposition, or on a motion, a Disclosing Party marks for identification or offers into evidence Disclosed Protected Information – or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 – that act shall be deemed

to effect a waiver by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter only if they ought in fairness to be considered together, within the meaning of Federal Rule of Evidence 502(a). The preceding sentence notwithstanding, no waiver as to Disclosed Protected Information or undisclosed information concerning the same subject matter shall apply to: (i) proceedings to determine whether the Disclosed Protected Information is privileged, protected or subject to discovery or disclosure; or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

2. **Definitions.**

    a. "Party" or "Parties" shall mean Williams, TMS, Hlavaty, and Wekenmann.

    b. "Litigation" shall mean the civil action styled *Milton Williams v. TMS International, LLC et al.*, No. 3:21-cv-00260-DJN, as captioned above, which was initiated in the United States District Court for the Eastern District of Virginia on April 19, 2021.

3. **Designation of Discovery Materials as Confidential.** Any Party, in good faith, may designate as "**CONFIDENTIAL**" information reasonably deemed as entitled to protection under Rule 26(c), this Court's Local Rules or other applicable law. All information designated as "**CONFIDENTIAL**," including any documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits, shall be subject to this Protective Order, as set forth below:

3

a. The designation of confidential information shall be made by either Party by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "**CONFIDENTIAL**." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive private or personal information about non-parties, sensitive personnel information about non-parties, business practices, trade secrets or other confidential research, development, proprietary or commercial information.

b. Portions of deposition testimony shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "**CONFIDENTIAL**," as described above, shall also be deemed to be designated as "**CONFIDENTIAL**."

c. Information or documents designated as "**CONFIDENTIAL**" under this Protective Order shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting this Litigation (including any appeals).

d. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    i. Information designated as "**CONFIDENTIAL**" shall only be disclosed to the following individuals or entities: Williams; Williams' counsel, other counsel within Williams' counsel's firm, and other attorneys with whom Williams' counsel may choose to associate in this Litigation; staff under the supervision of Williams or the TMS Defendants;

4

court reporters and court personnel; the TMS Defendants, the TMS Defendants' counsel, other counsel within the TMS Defendants' counsel's firm, and other attorneys with whom the TMS Defendants' counsel may choose to associate in this Litigation; any insurance company, broker, agent or insurance business which might be responsible and/or liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for defense costs and attorneys' fees and/or payments made to satisfy any judgment.

        ii.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents, videos and/or data.

        iii.    Disclosure may be made to consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any consultant, investigator, or expert, the individual must be informed of and agree in writing, electronically, or under oath on the record, to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

        iv.    Disclosure may be made to a witness in this action, provided that the information is reasonably relevant to the witness' likely testimony. Prior to disclosure, the witness shall be provided with a copy of the provisions of this Order requiring that the documents and information be held in confidence and advised of this Order's application to their testimony.

        e.    Except as provided in subparagraph (d) above, the Parties shall keep all documents designated as "**CONFIDENTIAL**" which are received under this Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    f.  All copies, duplicates, extracts, summaries, or descriptions of documents or information designated as "**CONFIDENTIAL**" under this Protective Order or any portion thereof, shall be immediately affixed with the word "**CONFIDENTIAL**" if that word does not already appear.

    4.  **Confidential Information Filed with Court.** To the extent that any materials subject to this Protective Order (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court, these materials shall be filed in accordance with the provisions of Local Civil Rule 5, which governs the filing of documents under seal. The parties agree and recognize that Local Civil Rule 5 limits those documents that may be filed under seal, due to the public's right of access under the First Amendment and the common law. As such, a party will not seek to file a document deemed "**CONFIDENTIAL**" under seal merely by virtue of the "**CONFIDENTIAL**" label. A party will seek to file a document under seal if it contains information that would be otherwise protected by law and/or, for example, are, or reasonably could be, significantly injurious to the party's business, current or prospective business arrangements, general finances or reputation, and/or are confidential pursuant to Federal Rule of Civil Procedure 5.2 and such information cannot be redacted reasonably without obscuring the meaning of the document.

    5.  **Use and Return of Confidential Information.** Information designated as "**CONFIDENTIAL**" shall be used solely for purposes of this Litigation and for no other purpose. Within 30 days after this Litigation has finally terminated, including any appeal and any time for appeal, information designated as "**CONFIDENTIAL**," including all copies of such information and any and all copies provided to any experts, shall be destroyed or returned to the producing Party, or the producing Party's counsel, and the producing Party shall furnish a

6

statement that all such information has been destroyed or returned. Except counsel for the Parties may keep one copy of all documents consistent with the Firm's document retention policies. The Clerk of the Court may destroy or return to the Parties any sealed material at the end of this Litigation, including any appeals.

6. **No Concession or Waiver Regarding Discoverability or Relevance.** By allowing "**CONFIDENTIAL**" documents or information to be produced or used in the course of this Litigation, no Party hereto intends to admit, stipulate or waive arguments as to the relevance or admissibility of any documents in this Litigation, and no Party hereto intends to admit, stipulate or waive arguments as to whether any such documents would have been within the proper scope of discovery in this Litigation. The Parties enter into this Protective Order for the sole purpose of facilitating discovery in this Litigation.

7. **Inadvertent Disclosure or Failure to Designate.** A Party who inadvertently fails to designate documents as "**CONFIDENTIAL**" does not thereby waive the right to do so thereafter but the recipient of the documents so inadvertently unmarked shall not suffer sanction for disclosure of the documents prior to the date on which it receives action notice of the confidential nature of the documents.

In addition, inadvertent disclosure of information protected by the attorney-client, work product or other applicable privilege or protection (a "privilege") in this Litigation shall not constitute a waiver of any otherwise valid claim of privilege. Failure to assert a privilege in this Litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.

7

The Parties agree to cooperate to minimize the publication of any inadvertently disclosed documents. A Party that discovers that it has produced privileged information shall request its return within thirty (30) days of the discovery of such production.

8. **Maintaining Confidentiality.** Neither the termination of this Litigation nor the termination of employment of any person who has had access to any **"CONFIDENTIAL"** documents or information shall relieve such person from the obligation of maintaining at all times the confidentiality of such documents or information.

9. Nothing in this Order shall require any Party to submit any documents to the jury in sealed envelopes.

10. **Challenging Designation of "CONFIDENTIAL."** A Party may challenge the propriety of any designation under this Protective Order at any time. In the event that the party receiving information designated as **"CONFIDENTIAL"** objects to such designation, the party shall timely provide the producing Party written notice of, and basis for, such objections. The Parties will use their best efforts to resolve such objections between themselves. Should the Parties be unable to resolve the objections, the Party receiving information designated as **"CONFIDENTIAL"** may seek a hearing before this Court with respect to the propriety of the designation. The producing Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as **"CONFIDENTIAL"** as provided in this Protective Order. The burden of proving that discovery material is properly designated as **"CONFIDENTIAL"** shall at all times remain with

the Party designating the material as **"CONFIDENTIAL."**

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: October 22, 2021